**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

        Criminal Case No. 04-90040

v.

        HON. MARIANNE O. BATTANI

JAMES CHERRY,

        Defendant/Petitioner.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

Before the Court is Petitioner James Cherry's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 169). The Court **DENIES** the motion as untimely.

### I. BACKGROUND

Cherry unsuccessfully appealed his jury conviction to the Sixth Circuit Court of Appeals. He filed a petition for *certiorari*, which was denied October 6, 2008. On January 5, 2010, over one year later, Cherry placed his Motion to Vacate, Set Aside or Correct Sentence in the prison mailbox. Cherry asserts that his counsel was ineffective given the failure to raise a diminished capacity defense, the failure to attack the charging instruments and file for dismissal, the failure to raise speedy trial arguments, and the failure to challenge sentencing. He asks the Court to toll the governing statute of limitations.

In its response to Cherry's petition, the government asserts that the one-year statute of limitations applicable to federal habeas actions renders the petition untimely. In the alternative, Respondent argues the motion fails on the merits.

## II. STANDARD OF REVIEW

In <u>Dunlap v. United States</u>, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit held that the one-year limitations period in 28 U.S.C. § 2255 is not a jurisdictional bar and is subject to equitable tolling. In deciding the merits of an equitable tolling argument, lower courts consider the five factors articulated in <u>Andrews v. Orr</u>, 851 F.2d 146 (6th Cir. 1988). Accordingly, the court assesses "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." <u>Dunlap</u>, 250 F.3d at 1008. The petitioner bears the burden of demonstrating entitlement to equitable tolling. See <u>Griffin v. Rogers</u>, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applie[s] only when a litigant's failure to meet a legally-mandated deadline unavoidably ar[ises] from circumstances beyond that litigant's control." <u>Jurado v. Burt</u>, 337 F.3d at 642 (quoting <u>Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.</u>, 209 F.3d 552, 560 (6th Cir. 2000)).

## III. ANALYSIS

In his petition, Cherry acknowledges that he filed late. He asks the Court to toll the limitations period. In calculating the 365 days, he asks the Court to toll 106 days,

2

which includes holidays, time in which he was in administrative segregation, and those periods of time when his housing unit was locked down. Because the Court finds that Petitioner has not presented any evidence to satisfy the factors as outlined in Dunlap, his request for equitable tolling is denied.

### 1. Actual Knowledge

First, Cherry cannot claim a lack of knowledge about the filing requirement. His petition demonstrates that he was well aware of the deadline inasmuch as he requests equitable tolling. Petitioner's misapplication of Rule 6, FED. R. CIV. P., which governs the computation of time, his lack of legal training, and his lack of legal representation do not alter the analysis. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); Holloway v. Jones, 166 F. Supp.2d 1185, 1189 (E. D. Mich. 2001) (inability to retain counsel does not justify equitable tolling).

### 2. Circumstances Beyond Movant's Control

Second, Cherry's claim that he was on lock-down does not salvage his request. A review of decisions addressing whether lack of access to personal legal materials and a prison law library is an extraordinary circumstance sufficient for equitable tolling in the context of habeas proceedings undermines Cherry's position. See Hooks v. United States, No. 4:04-640, 2010 WL 558634 (D. S.C. Feb. 10, 2010) (denial of access to legal materials and lockdown insufficient bases for equitable tolling); United States v. Johnson, No. 7:08cr00024-1, 2010 WL 348015, fn. 3 (W.D. Va. Jan. 28, 1020) ("Where a petitioner claims that a transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison

3

transfers are not extraordinary for the purposes of equitable tolling."); Murphy v. United States, No. 5:08-CV-534, 2009 WL 2579648, * 3 (E.D. N.C. Aug. 17, 2009) ("[C]ourts have held that lack of access to legal materials while in prison and the lock-down status of a prison preventing access to legal materials are not reasons for a court to invoke equitable tolling. Likewise, the lock-down status of a prison at the time that a filing is due has been found insufficient grounds to trigger equitable tolling.").

Moreover, prison lockdowns are not considered extraordinary circumstances warranting equitable tolling of AEDPA's one-year statute of limitations. See Atkins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (prison lock-down and misplaced legal papers did not justify equitable tolling of the statute of limitations); Fitts v. Eberlin, No. 5:08CV660, 2009 WL 1047052 (N.D.Ohio April 17, 2009) ("allegations regarding insufficient library access ... do not warrant equitable tolling" for purposes of challenging state court conviction) (citing United States v. Stone, No. 02-4265, 2003WL 21397874 (6th Cir. June 13, 2003).

### 3. Diligence

Lastly, Cherry simply failed to pursue his rights diligently. The one-year limitation period began to run on October 6, 2008, and Cherry had until October 6, 2009, to file his Section 2255 Motion. Although Cherry was periodically on lock-down during the one-year period, he was not on lock-down on the date by which he had to file his motion. He had many months to work diligently on his motion and to file it. Cherry does not argue that he was prevented from writing his motion during the lockdown or that he was prevented from using the mail during a lockdown period. He had sufficient time

4

before, after and in between prison lock-down dates to file a timely habeas corpus petition.

In sum, Cherry has not demonstrated that there is any basis for the equitable tolling of Section 2255's one-year period of limitation. The record fails to reflect the prison's lock-down status prevented petitioner from litigating his claims during the time period at issue.

## IV. CONCLUSION

Accordingly, the Court concludes that the record fails to reflect that equitable tolling of the statute of limitations is appropriate. For the reasons discussed, the Court **DENIES** Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as time-barred.

Under Rule 11 of the Rules Governing § 2254 Cases, a court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . .Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Murphy v. Ohio, 263 F.3d 466, 466-67 (6th Cir.2001).

Upon review, the Court determines that this standard is not met because reasonable jurists could not find it debatable whether equitable tolling of the statute of limitations should be applied to Cherry's application for the writ of habeas corpus. As such, a certificate of appealability will be denied.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATED: October 8, 2010


**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Petitioner and counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt
Case Manager