**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,        Criminal Case No. 04-90040

v.        HON. MARIANNE O. BATTANI

JAMES CHERRY,

        Defendant/Petitioner.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Before the Court is Petitioner James Cherry's Motion For Reconsideration of the Court's Opinion and Order Denying his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 191). The Court **DENIES** the motion for the reasons that follow.

**I. BACKGROUND**

In his Motion to Vacate, Set Aside or Correct Sentence, Cherry argued that his counsel was ineffective for a variety of reasons and asked the Court to toll the governing statute of limitations. The Court found no basis for tolling the one-year statute of limitations applicable to federal habeas actions. In his request for reconsideration, Cherry asks the Court to reassess whether institutional lockdown or placement in a special housing unit provide a basis for tolling the statute of limitations.

## II. STANDARD OF REVIEW

Pursuant to E.D. Mich. LR 7.1(g)(3), to obtain the requested relief, the movant must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

## III. ANALYSIS

After reviewing the authority cited in Petitioner's motion, the Court finds that Cherry has failed to carry his burden of proving a palpable defect requiring correction. Cherry raises the same factual basis considered by the Court and rejected. His disagreement with the Court's analysis is not a ground for reconsideration.

Specifically, this Court acknowledged that the limitations period in 28 U.S.C. § 2255 is not a jurisdictional bar and is subject to equitable tolling. Consequently, Cherry's reliance on Holland v. Florida, 130 S.Ct. 2549, 2563 (2010) (rejecting the rigid standard employed by the Eleventh Circuit Court of Appeals in finding that an attorney's unprofessional conduct did not warrant equitable tolling) to show error is misplaced. In sum, this Court considered the circumstances of this case and concluded that neither his housing placement nor the prison's lock-down status prevented Cherry from litigating his claims during the relevant time period.

## IV. CONCLUSION

Accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration.

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani
                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

DATED: October 28, 2010

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon Petitioner and counsel of record on this date by ordinary mail and/or electronic filing.

                                            s/Bernadette M. Thebolt
                                            Case Manager