UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CHERRY,

      Petitioner,                            Case No. 5:04-cr-90040-1
                                                            Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**ORDER (1) TERMINATING AS MOOT PETITIONER'S MOTION FOR DISCOVERY (ECF No. 213), MOTION FOR TOLLING OF TIME (ECF No. 214), AND APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 218), AND (2) GRANTING PETITIONER'S MOTION FOR CLARIFICATION (ECF No. 215)**

Petitioner James Cherry is a pro se federal prisoner. In 2005, Cherry was convicted of, among other things, using an explosive device and a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (*See* Verdict, ECF No. 102, PageID.225–227; Judgment, ECF No. 127, PageID.299.) On direct appeal, the Sixth Circuit affirmed Cherry's convictions. *See United States v. Cruz*, 270 F. App'x 393 (6th Cir. 2008) (per curiam).

Cherry then filed a § 2255 motion to vacate, claiming ineffective assistance of counsel. (*See* First § 2255 Mot., ECF No. 169.) District Judge Marianne O. Battani denied Cherry's motion as time-barred and declined to issue a certificate of appealability. (*See* Order on First § 2255 Mot., ECF No. 188.) Cherry appealed, and

1

the Sixth Circuit denied him a certificate of appealability. (*See* Denial of Certificate of Appealability, ECF No. 198.)

On January 13, 2020, Cherry sought leave from Judge Battani to file a second or successive § 2255 motion to vacate. (*See* Request for Leave, ECF No. 211.) Cherry argued that a recent Supreme Court case, *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidated his convictions under § 924(c).[1] (*See* Request for Leave, ECF No. 211, PageID.1525.) On February 24, 2020, Judge Battani transferred Cherry's request to the Sixth Circuit to determine in the first instance whether leave should be granted. (*See* Transfer Order, ECF No. 212.) On May 29, 2020, Cherry's district court case was reassigned to this Court. (*See* Reassignment Order, ECF No. 216.)

On July 21, 2020, the Sixth Circuit ruled that Cherry was not entitled to a second or successive § 2255 motion because his proposed motion does not rely on a new rule of constitutional law. (*See* 7/21/20 6th Cir. Op. & Order, ECF No. 217, PageID.1545.) According to the Sixth Circuit, "[t]he *Davis* decision does not apply to Cherry's case because his § 924(c) convictions were based on a drug trafficking crime rather than a crime of violence." (*Id.*) Accordingly, the court denied "Cherry's

---

[1] In *Davis*, the Court held that the residual clause definition of a "crime of violence" in § 924(c)(3)(B) is unconstitutionally vague. *See* 139 S. Ct. at 2336.

2

motion for an order authorizing the district court to consider a second or successive § 2255 motion to vacate." (*Id.*, PageID.1546.)

After Judge Battani transferred Cherry's request to the Sixth Circuit, but before the Sixth Circuit ruled on Cherry's request, Cherry submitted several filings to the docket in this action. These filings include a Motion for Discovery (ECF No. 213), a Motion for Tolling of Time (ECF No. 214), and an Application to Proceed *In Forma Pauperis*[2] (ECF No. 218). Cherry's filings relate to his proposed second § 2255 motion. Because the Sixth Circuit has determined that Cherry is not entitled to a second or successive § 2255 motion, the Court hereby **TERMINATES AS MOOT** these filings (ECF Nos. 213, 214, and 218).

Cherry also filed a Motion for Clarification (ECF No. 215) before the Sixth Circuit entered its ruling. In this motion, Cherry asks three questions. The Court **GRANTS** his Motion for Clarification (ECF No. 215) and addresses each question in turn.

First, Cherry "respectfully request[s] clarification as to[] the ground in his first 28 U.S.C. 2255 motion where it was deemed untimely and dismissed. The grounds in the first 2255 were never a[d]judicated. Are those grounds or claims cognizable

---

[2] This filing is labeled as a "Motion for Leave to Appeal *In Forma Pauperis*" on the Court's docket. (*See* ECF No. 218). But the document – which was addressed to the United States District Court for the Eastern District of Michigan – is an application to proceed in district court without prepayment of fees or costs. (*See id.*)

3

under my successive or second 28 U.S.C. 2255 [motion?]" (Mot. for Clarification, ECF No. 215, PageID.1539.)  Cherry's claims in his first § 2255 motion are time-barred and thus are not cognizable in a second § 2255 motion.

Second, Cherry "request[s] clarification as to why docket[] entries #1–10 are not available for viewing online.  A message appears which says 'Please contact the Clerk's Office for further information.'" (*Id.*)  The Court has reviewed these entries. It appears that the documents have been filed under seal.  If Cherry remains unable to view these documents online, the Court directs him to contact his former counsel seeking access to the documents.  If Cherry's counsel is unable to provide him with access to the documents, then Cherry may file a motion in this Court explaining why he needs access to the documents.

Third, Cherry "respectfully inquires about the docket[] entries #13–43 and 44–46 [t]hat took place between the dates of 11-3-2004 and 1-12-05 and then between the dates of 1-12-05 and 2-22-05. Why is there no entries or [are] there not to be any entries[?]" (*Id.*)  These docket entries pertain to Cherry's co-defendants. They may be viewed by accessing the docket for all defendants under Case No. 5:04-cr-90040.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  July 30, 2020

5

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 30, 2020, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9761